B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of New Jersey

In re  Akesis LLC                              ,     Case No.  15-22985-JKS

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

BE Capital Management Fund LP
Name of Transferee

Heather L. Holt
Name of Transferor

Name and Address where notices to transferee should be sent:
 205 East 42nd Street, 14th Floor
 New York, NY 10017

Court Claim # (if known):  12
Amount of Claim:  $1,634.62
Date Claim Filed:  08/17/2015

Phone: 646-604-9635
Last Four Digits of Acct #: _____

Phone: 720-206-6101
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ _____      Date: 5/10/16
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# CLAIM PURCHASE AGREEMENT DATED 2/17/16

BETWEEN:

    B.E. Capital Management (hereinafter "Purchaser")

AND:

    Heather Holt (hereinafter "Seller")

<u>Assignment of claim:</u>    The Seller, for consideration in the sum of **$726.78** (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to the Purchaser, all of Seller's right, title, benefit and interest in outstanding debt owed to creditor, in the form of claim or claims described herein, by **Akesis LLC** in bankruptcy proceedings in the United States Bankruptcy Court for the District of **New Jersey**, (the "Court"), Case No. **2:15-bk-22985** (the "Case"): and includes any Proof of Claim ("POC") (defined below) and additional cash, securities, instruments, other property to be paid by debtor, or proceeds from litigation, in connection with satisfaction of Claim.

Representations
- The Claim is valid, allowed, for the amount of **$1,634.62** (the "Claim Amount"), is not subject to any valid legal or equitable defenses and liquidated, not contingent and undisputed.
- Claim has not been assigned or previously hypothecated.
- The PoC documentation is legitimate in relation to the claim and case.
- The term, POC, shall include; All POCs filed by Seller for the Claim discussed herein and all of Seller's documentation supporting the claim. If POC is less than Claim amount, Purchase Price will be reduced to the lower amount on the POC.
- Seller and Purchaser (together the "Parties") involved in this Claim Purchase Agreement (the "Agreement") have the authority to enter into and perform their obligations under this Agreement.
- The Agreement is legal, valid, binding and enforceable in accordance with its terms.
- Seller has not engaged in any conduct, which would harm their claim's right to a payout in the case.
- No payment has yet been made on the claim.
- The Claim is free and clear of any liens, claims or encumbrances and Purchaser, upon sale, will receive good title to the claim.
- Parties agree that the Agreement is confidential and cannot be disclosed without prior written consent of both parties.
- Agreement cannot be modified, changed or discharged without written mutual consent of the Parties.
- This Agreement shall become effective and valid immediately after it has been executed by the Parties.
- The Agreement shall be governed in accordance with the laws of the State of New York, USA.

Indemnity
- Seller indemnifies Purchaser for:
    - Breaches of Seller's representations and/or covenants
    - Attempts to harm claim payout in any way
    - Disgorgement by Purchaser of any amounts received regarding the claim
- Disallowance of claim
    - Seller agrees that if any part or all of claim is disallowed for any reason, Seller will refund the Purchase Price of the portion of the claim that was disallowed, and pay the Purchaser interest at a rate of nine (9) percent per annum from the date Purchaser notifies Seller of the disallowance to the date on which the Purchaser receives a refund of the disallowed amount.

Covenants
- Seller will sign any additional documents necessary to transfer the claim to Purchaser.
- Seller will forward all court correspondence to Purchaser.
- Seller will immediately forward all distributions received in connection with payment of claim to Purchaser.
- Purchaser is obligated to pay the full Purchase Price after the parties execute the Agreement within five (5) business days after execution, and interest will accrue, calculated at the rate of nine (9%) percent per annum, from the date of Purchaser's execution of this Agreement until the date that payment is received by Seller, if payment is not made within five business days.

Heather Holt ("Seller")

| | | | |
|---|---|---|---|
| Signature: | /s/ Heather Holt | Telephone: | 720-206-6101 |
| Print Name/Title | Heather Holt | Email: | hholt73@gmail.com |
| Date: | 21 April 2016 | | |

B.E. Capital Management ("Purchaser")

205 East 42nd Street, Floor 14
New York, NY, 10017

| | | | |
|---|---|---|---|
| Signature: | /s/ | Telephone: | 216-496-4501 |
| Print Name/Title | Thomas Braziel | Email: | ahvinyl@gmail.com |
| Date: | 4/22/16 | | |