# EXHIBIT A

**FREEDMAN LAW, LLC**
**11 Carteret Road**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |

---

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and eStudySite ("eStudy").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that eStudy had received a transfer of funds from the Debtor in the amount of $177,099.00 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of

the Bankruptcy Code ("Trustee's Preference Claim"); and

WHEREAS, the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim; and

WHEREAS, in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.     Within ten days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.     Within ten days of the Order becoming final and non-appealable, eStudy shall pay to the Trustee, in full settlement and full release of any and all claims held by the Trustee against any of the eStudy Released Parties (as such term is hereinafter defined), the total sum of $2,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC"  and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ  07068.

3.     Upon clearance of the Settlement Payment from eStudy, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged eStudy, its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "eStudy Released Parties") of and

from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the eStudy Released Parties in her capacity as the Trustee for the Estate, and the eStudy Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the eStudy Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.    Upon clearance of the Settlement Payment from eStudy, the Trustee will dismiss Adversary Proceeding No. 16-01738 (JKS).

5.    Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.    Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.    The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.    No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

9.    This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.  Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

12.    This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the

opportunity to consult with counsel prior to signing this Agreement.  The persons executing this

Agreement hereby certify that they have the authority to do so.


**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement

to be signed on this __th day of November, 2016.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
         NANCY ISAACSON


ESTUDYSITE,



By: _____
         THOMAS S. WARDLE, CEO

opportunity to consult with counsel prior to signing this Agreement. The persons executing this Agreement hereby certify that they have the authority to do so.

IN WITNESS WHEREFORE, the Parties have caused this Settlement Agreement to be signed on this _18_ th day of November, 2016.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
      NANCY ISAACSON

ESTUDYSITE,

By: _____
      THOMAS S. WARDLE, CEO

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---------------------------------------------

In re:                                  :        Case No.:    15-22985(JKS)

     AKESIS, LLC,                   :        Chapter:    _____7_____

                                     :        Judge:    J. Sherwood

                     Debtor.         :

---------------------------------------------

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

 Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:**  Martin Luther King, Jr. Federal Building
                       50 Walnut Street, 3rd Floor
                       Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on December _____, 2016 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

**Nature of Action:**  Upon investigation of the financial affairs of the Debtor, the Trustee determined eStudy Site had received a transfer(s) of funds from the Debtor in the amount of $177,099.00 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. The Trustee filed an adversary Proceeding against eStudy on or about September 30, 2016, Adv. Proc. No 16-01738-JKS.

**Pertinent terms of settlement**:  Estudy Site will pay the Trustee a total of $2,000.00 due 10 days after the Order becomes final and non-appealable. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims. Upon clearance of the settlement payment, the Trustee will dismiss Adv Proc. No. 16-01738-JKS.

Objections must be served on, and requests for additional information directed to:

Name:        Terri Jane Freedman, Esq.
Address:     Freedman Law, LLC, 11 Carteret Road, Livingston, NJ 07039

# EXHIBIT B

**GREENBAUM ROWE SMITH & DAVIS, LLP**
75 Livingston Ave., Suite 301
Roseland, New Jersey 07068
Tel: 973-535-1600
Thomas A. Waldman, Esq. (TW/7147)
E-mail: twaldman@greenbaumlaw.com
*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made as of the date indicated below, by, between, and among Nancy Isaacson, as Chapter 7 Trustee for the Bankruptcy Estate of Akesis, LLC ("Trustee"), the Bankruptcy Estate of Akesis, LLC ("Estate"), and Marietta Dermatology Clinical Research, Inc. ("Marietta").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor"), filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Marietta had received transfers of funds from the Debtor in the total amount of $17,262.00 prior to the Petition Date, which the Trustee believes may be avoided by her as preference payments pursuant to Section

1

547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS**, Marietta disputes the Trustee's Preference Claim and contends that the funds transfers may not be avoided by the Trustee pursuant to Section 547 of the Bankruptcy Code or otherwise; and

**WHEREAS**, the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim; and

**WHEREAS**, in consideration of the foregoing and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.    Within ten days of the execution of this Agreement, the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.    Within ten days of the Order becoming final and non-appealable, Marietta shall pay to the Trustee the total sum of **$6,041.70** (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.    For and in consideration of said payment by Marietta, the Trustee, on behalf of herself and the Debtor and the Estate (collectively "the Releasors"), hereby releases, acquits, and forever discharges Marietta and all of its parents, subsidiaries, divisions, and affiliates, as

2

well as all of their respective officers, directors, shareholders, owners, partners, agents, employees, attorneys, and insurers, in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally (the "Marietta Released Parties") of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, that the Releasors ever had, now have, or hereafter can, shall, or may have, against the Marietta Released Parties based on acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to date of this Agreement, including, but not limited to, the Trustee's Preference Claim.

4.    Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver, and perform its obligations under this Agreement.

5.    Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

6.    The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey, and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit, or proceeding arising out of or relating to this Agreement.

7.    No amendment, waiver, or modification of this Agreement, or any covenant, condition, or limitation of this Agreement, shall be valid unless memorialized in writing and executed by the party to be charged therewith.

8.    This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an

integration of final expression of all prior negotiations, understandings, and agreements between the parties regarding the resolution of same. Any other representations, undertakings, or agreements with respect to the subject matter of this Agreement, whether oral, written, or implied, are merged into and are superseded by the terms of this Agreement.

9. The parties have had the opportunity to draft, review, and edit the terms of this Agreement, and no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

10. By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages. Rather, the parties to this Agreement merely wish to resolve disputed claims. It is expressly understood and agreed that this Agreement shall not be argued, asserted, interpreted, or construed as an admission of liability by the parties to this Agreement, or anyone else.

11. This Agreement may be executed by facsimile or scanned PDF signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

12. This Agreement shall be binding upon the parties and their successors and assigns.

13. By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement. The persons executing this Agreement hereby certify that they have the authority to do so.

4

**IN WITNESS WHEREFORE,** the Parties have caused this Agreement to be signed on

this 30th day of November, 2016.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
    NANCY ISAACSON, as Chapter 7 Trustee
    and on behalf of the Bankruptcy Estate of Akesis, LLC


MARIETTA DERMATOLOGY CLINICAL RESEARCH


By: _____
    Mark Knautz, M.D., CEO and Secretary

5

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | : | Case No.: | 15-22985(JKS) |
|--------|---|-----------|---------------|
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:** Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on December     , 2016 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

**Nature of Action:** Upon investigation of the financial affairs of the Debtor, the Trustee determined Marietta Dermatology Clinical Research ("Marietta") had received a transfer(s) of funds from the Debtor in the amount of $17,262.00 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code.

**Pertinent terms of settlement:** Marietta will pay the Trustee a total of $6,041.70 due 10 days after the Order becomes final and non-appealable. Once the payments have cleared, the Trustee, on behalf of herself and the Debtor and the Bankruptcy Estate of Akesis, LLC, will be deemed to have released Marietta from any and all claims.

Objections must be served on, and requests for additional information directed to:

Name:       Terri Jane Freedman, Esq.
Address:    Freedman Law, LLC, 11 Carteret Road, Livingston, NJ 07039
Telephone No.: 973-985-9408

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-22985(JKS) |
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:** Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on December ____, 2016 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

**Nature of Action:** Upon investigation of the financial affairs of the Debtor, the Trustee determined Marietta Dermatology Clinical Research ("Marietta") had received a transfer(s) of funds from the Debtor in the amount of $17,262.00 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code.

**Pertinent terms of settlement:** Marietta will pay the Trustee a total of $6,041.70 due 10 days after the Order becomes final and non-appealable. Once the payments have cleared, the Trustee, on behalf of herself and the Debtor and all the Bankruptcy Estate of Akesis, LLC, will be deemed to have released Marietta from any and all claims.

Objections must be served on, and requests for additional information directed to:

Name:      Terri Jane Freedman, Esq.
Address:   Freedman Law, LLC, 11 Carteret Road, Livingston, NJ 07039
Telephone No.: 973-985-9408

# EXHIBIT C

**FREEDMAN LAW, LLC**
**11 Carteret Road**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | : |
| | : |
| AKESIS, LLC, | :      CASE NO. 15-22985(JKS) |
| | : |
|               Debtor. | :      Chapter 7 |
| | : |

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy

Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"),

and Comprehensive Clinical Trial, LLC ("CCT").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under

Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the

"Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C.

§ 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her

review of the Debtor's books and records, the Trustee came to believe that CCT had received a

transfer of funds from the Debtor in the amount of $22,325.00 prior to the Petition Date, which the

Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the

Bankruptcy Code ("Trustee's Preference Claim"); and

      **WHEREAS**, the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim; and

      **WHEREAS**, in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

      1.     Within ten days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

      2.     Within ten days of the Order becoming final and non-appealable, CCT shall pay to the Trustee, in full settlement and full release of any and all claims held by the Trustee against any of the CCT Released Parties (as such term is hereinafter defined), the total sum of $7,500.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

      3.     Upon clearance of the Settlement Payment from CCT, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged CCT, its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "CCT Released Parties") of and from any and all

claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the CCT Released Parties in her capacity as the Trustee for the Estate, and the CCT Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the CCT Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

5.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

6.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

7.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

8.      This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an

integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same. Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

9.      The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

10.      By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages. Rather, the parties to this Agreement merely wish to resolve disputed claims. It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

11.      This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

12.      This Agreement shall be binding upon the parties and their successors and assigns.

13.      By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement. The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement

to be signed on this 23th day of November, 2016.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
     NANCY ISAACSON

COMPREHENSIVE CLINICAL TRIAL, LLC,

By: _____
     BARBARA ACKERMAN, CFO

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

--------------------------------------------------

In re:                                    :        Case No.:    15-22985(JKS)

        AKESIS, LLC,                  :        Chapter:         7

                         :        Judge:      J. Sherwood

          Debtor.        :

--------------------------------------------------

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

 Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:**  Martin Luther King, Jr. Federal Building
                      50 Walnut Street, 3rd Floor
                      Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on December _____, 2016 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

**Nature of Action:**  Upon investigation of the financial affairs of the Debtor, the Trustee determined Comprehensive Clinical Trials, LLC ("CCT") had received a transfer(s) of funds from the Debtor in the amount of $22,325.00 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code.

**Pertinent terms of settlement:** CCT will pay the Trustee a total of $7,500 due 10 days after the Order becomes final and non-appealable.  Once the payment has cleared, the parties will be deemed to have released each other from any and all claims.

Objections must be served on, and requests for additional information directed to:

Name:        Terri Jane Freedman, Esq.
Address:     Freedman Law, LLC, 11 Carteret Road, Livingston, NJ 07039
Telephone No.: 973-985-9408

# EXHIBIT D

**GREENBAUM ROWE SMITH & DAVIS, LLP**
75 Livingston Ave., Suite 301
Roseland, New Jersey 07068
Tel: 973-535-1600
Thomas A. Waldman, Esq. (TW/7147)
**E-mail:** twaldman@greenbaumlaw.com
*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------

In re:                                             :

                                                   :

AKESIS, LLC,                                       :        CASE NO. 15-22985(JKS)

                                                   :

                         Debtor.                   :        Chapter 7

------------------------------------------------

## SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Palmetto Clinical Trial Services, LLC ("Plametto").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Palmetto had received a transfers of funds from the Debtor in the total amount of $14,615.50 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section

547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.     Within ten days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.     Within ten days of the Order becoming final and non-appealable, Palmetto shall pay to the Trustee, in full settlement and full release of any and all claims held by the Trustee against any of the Palmetto Released Parties (as such term is hereinafter defined), the total sum of **$4,500.00** (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.     Upon clearance of the Settlement Payment from Palmetto the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged Palmetto, its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Palmetto Released Parties") of

and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Palmetto Released Parties in her capacity as the Trustee for the Estate, and the Palmetto Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Palmetto Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

5.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

6.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

7.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

8.    This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superseded by the terms of this Agreement.

9.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

10.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.    Rather, the parties to this Agreement merely wish to resolve disputed claims.    It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

11.    This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

12.    This Agreement shall be binding upon the parties and their successors and assigns.

13.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the

opportunity to consult with counsel prior to signing this Agreement.  The persons executing this

Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement
Agreement to be signed on this ⁊th day of November, 2016.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
    NANCY ISAACSON




PALMETTO CLINICAL TRIAL SERVICES, LLC



By: _____
    CLAIRE SAUNDERS, MANAGING MEMBER

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------
In re:                                  :

      AKESIS, LLC,                    :

                             :

            Debtor.        :
------------------------------------------

Case No.:    15-22985(JKS)

Chapter:    _____7_____

Judge:    J. Sherwood

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:**  Martin Luther King, Jr. Federal Building
                              50 Walnut Street, 3rd Floor
                              Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on December ____, 2016 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

**Nature of Action:**  Upon investigation of the financial affairs of the Debtor, the Trustee determined Palmetto Clinical Trial Services, LLC ("Palmetto") had received a transfer(s) of funds from the Debtor in the amount of $14,615.50 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code.

**Pertinent terms of settlement:** Palmetto will pay the Trustee a total of $4,500.00 due in two equal payments of $2,250.00 each, the first due 10 days after the Order becomes final and non-appealable, and the second due 30 days thereafter. Once the payments have cleared, the parties will be deemed to have released each other from any and all claims.

Objections must be served on, and requests for additional information directed to:

Name:        Terri Jane Freedman, Esq.
Address:    Freedman Law, LLC, 11 Carteret Road, Livingston, NJ 07039
Telephone No.: 973-985-9408