# EXHIBIT A

**FREEDMAN LAW, LLC**
11 Carteret Road
Livingston, New Jersey 07039
Tel: 973-985-9408
Terri Jane Freedman, Esq.
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| NANCY ISAACSON, CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | ADV. PROC. NO. 16-01741(JKS) |
| | : | |
| JOAN CELLANA | : | |
| | : | |
| Defendant. | : | |
| | : | |

## SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Joan Cellana (together, "Cellana").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Cellana had received a transfer of funds from the Debtor in the amount of $12,152.76 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about September 27, 2016, the Trustee commenced adversary proceeding number 16-01741 against Cellana seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** Cellana filed an answer to the complaint, has contested the Trustee's request for relief, and has provided its analysis of its defenses to the Trustee; and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.    Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.    Within ten days of the Order becoming final and non-appealable, Cellana shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the Cellana Released Parties (as such term is hereinafter defined), the total sum of $4,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.      Upon clearance of the Settlement Payment from Cellana, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged Cellana and Skin Care Research, Inc. and their respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Cellana Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Cellana Released Parties in her capacity as the Trustee for the Estate, and the Cellana Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Cellana Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from Cellana, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

9.      This Agreement contains the final and entire settlement between the parties

regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same. Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages. Rather, the parties to this Agreement merely wish to resolve disputed claims. It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

12.    This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement. The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of May, 2017.


NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
    NANCY ISAACSON



JOAN CELLANA


By: /s/ Jenny R. Kasen, Esq.
Counsel to  JOAN CELLANA

# EXHIBIT B

**FREEDMAN LAW, LLC**
**11 Carteret Road**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| NANCY ISAACSON, CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | ADV. PROC. NO. 16-01742(JKS) |
| | : | |
| KOTAIT CLINICAL MONITORING, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| ------------------------------X | | |

### SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Kotait Clinical Monitoring ("Kotait").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Kotait had received a transfer of funds from the Debtor in the amount of $25,735.62 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about September 27, 2016, the Trustee commenced adversary proceeding number 16-01744 against Kotait seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** Kotait filed an answer to the complaint, has contested the Trustee's request for relief, and has provided its analysis of its defenses to the Trustee; and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.      Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.      Within ten days of the Order becoming final and non-appealable, Kotait shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the Kotait Released Parties (as such term is hereinafter defined), the total sum of $3,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.      Upon clearance of the Settlement Payment from Kotait, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged Kotait and Skin Care Research, Inc. Clinical Monitoring, LLC and their respective parents, subsidiaries, affiliates, officers, VK 02Jun 2017 managing directors, shareholders, agents, employees, successors and assigns (the "Kotait Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Kotait Released Parties in her capacity as the Trustee for the Estate, and the Kotait Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Kotait Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from Kotait, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

9.      This Agreement contains the final and entire settlement between the parties

regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.   Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.   The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.   By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.  Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

12.   This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.   This Agreement shall be binding upon the parties and their successors and assigns.

14.   By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.  The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of May, 2017.


NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____ 6/9/2017
NANCY ISAACSON


KOTAIT CLINICAL MONITORING


By: _____ 02 Jun 2017
VIRGINIA KOTAIT

# EXHIBIT C

**FREEDMAN LAW, LLC**
11 Carteret Road
Livingston, New Jersey 07039
Tel: 973-985-9408
Terri Jane Freedman, Esq.
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| NANCY ISAACSON, CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | ADV. PROC. NO. 16-01747(JKS) |
| | : | |
| OM MEDICAL D/B/A ROSHINI, | : | : |
| | : | |
| Defendant. | : | |

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Om Medical d/b/a Roshini ("OM").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that OM had received a transfer of funds from the Debtor in the amount of $23,530.50 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about September 27, 2016, the Trustee commenced adversary proceeding number 16-01744 against OM seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** OM filed an answer to the complaint, has contested the Trustee's request for relief, and has provided its analysis of its defenses to the Trustee; and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.     Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.     Within ten days of the Order becoming final and non-appealable, OM shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the OM Released Parties (as such term is hereinafter defined), the total sum of $4,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.      Upon clearance of the Settlement Payment from OM, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged OM and Skin Care Research, Inc. and their respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "OM Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the OM Released Parties in her capacity as the Trustee for the Estate, and the OM Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the OM Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from OM, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

9.      This Agreement contains the final and entire settlement between the parties

regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.    Rather, the parties to this Agreement merely wish to resolve disputed claims.    It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

12.    This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.    The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of May, 2017.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
    NANCY ISAACSON



OM MEDICAL D/B/A ROSHINI


By: _____
    Jeremy R. Kasen, Esq.
    Counsel to Roshini, Inc.
    d/b/a Om medical

# EXHIBIT D

**FREEDMAN LAW, LLC**
11 Carteret Road
Livingston, New Jersey 07039
Tel: 973-985-9408
Terri Jane Freedman, Esq.
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------
In re:                                          :

AKESIS, LLC,                                    :        CASE NO. 15-22985(JKS)
                                                :
                        Debtor.                 :        Chapter 7
------------------------------------------------
NANCY ISAACSON, CHAPTER 7                        :
TRUSTEE,                                         :
                                                :
                        Plaintiff,              :
                                                :        ADV. PROC. NO. 16-01744(JKS)
            v.                                   :
                                                :
MARTA I. RENDON, MD,                             :
                                                :
                        Defendant.               :
                                                :
------------------------------------------------X

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Marta I. Rendon, MD. and Skin Care Research, Inc (together, "Rendon").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

WHEREAS, upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Rendon had received a transfer of funds from the Debtor in the amount of $10,800.00 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

WHEREAS, on or about September 27, 2016, the Trustee commenced adversary proceeding number 16-01744 against Rendon seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

WHEREAS, Rendon filed an answer to the complaint, has contested the Trustee's request for relief, and has provided its analysis of its defenses to the Trustee; and

WHEREAS, the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

WHEREAS, in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.      Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as Exhibit A and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.      Within ten days of the Order becoming final and non-appealable, Rendon shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the Rendon Released Parties (as such term is hereinafter defined), the total sum of $5,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.      Upon clearance of the Settlement Payment from Rendon, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged Rendon and Skin Care Research, Inc. and their respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Rendon Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Rendon Released Parties in her capacity as the Trustee for the Estate, and the Rendon Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Rendon Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from Rendon, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

9.      This Agreement contains the final and entire settlement between the parties

regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.  Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.     The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.     By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.  Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

12.     This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.     This Agreement shall be binding upon the parties and their successors and assigns.

14.     By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.  The persons executing this Agreement hereby certify that they have the authority to do so.



IN WITNESS WHEREFORE, the Parties have caused this Settlement Agreement to be signed on this __th day of March, 2017.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
NANCY ISAACSON

MARTA I. RENDON, MD.

By: _____
MARTA I. RENDON, MD

SKIN CARE RESEARCH, INC.

By: _____
MARTA I. RENDON, MD

# EXHIBIT E

**FREEDMAN LAW, LLC**
**11 Carteret Road**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| NANCY ISAACSON, CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| -v. | : | ADV. PROC. NO. 16-01751(JKS) |
| | : | |
| UNIVERSAL MEDICAL & RESEARCH CENTER, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

## SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Universal Medical & Research Center, LLC ("UMRC").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C.

§ 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that UMRC had received a transfer of funds from the Debtor in the amount of $43,038.00 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about September 27, 2016, the Trustee commenced adversary proceeding number 16-01744 against UMRC seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** UMRC filed an answer to the complaint, has contested the Trustee's request for relief, and has provided its analysis of its defenses to the Trustee; and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.      Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.      Within ten days of the Order becoming final and non-appealable, UMRC shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the UMRC Released Parties (as such term is hereinafter defined), the total sum of $4,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to

Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston
Avenue, Roseland, NJ 07068.

3.      Upon clearance of the Settlement Payment from UMRC, the Trustee, on behalf of
the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged
UMRC and Skin Care Research, Inc. and their respective parents, subsidiaries, affiliates, officers,
managing directors, shareholders, agents, employees, successors and assigns (the "UMRC
Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the
Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of
action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements,
promises, damages, and liabilities of every nature and description, whether known or unknown,
the Trustee ever had, now has or hereinafter can, shall or may have, against the UMRC Released
Parties in her capacity as the Trustee for the Estate, and the UMRC Released Parties shall be
deemed to have released the Estate of and from any and all claims, allegations, rights, covenants,
causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts,
agreements, promises, damages, and liabilities of every nature and description, whether known
or unknown, the UMRC Released Parties ever had, now has or hereinafter can, shall or may have,
against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from UMRC, the Trustee will dismiss
the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action
necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement
constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against
each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws
of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this
Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant,
condition, or limitation of this Agreement shall be valid unless memorialized in writing and

executed by the party to be charged therewith.

9.     This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.     The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.     By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.    Rather, the parties to this Agreement merely wish to resolve disputed claims.    It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

12.     This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.     This Agreement shall be binding upon the parties and their successors and assigns.

14.     By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.    The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of May, 2017.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
      NANCY ISAACSON

UNIVERSAL MEDICAL & RESEARCH CENTER, LLC

By: _____
      Brian Keen, Esq.
      Counsel to Universal
      Medical & Research
      Center, LLC