**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1

**NANCY ISAACSON, ESQ. (NI/1325)**
Nancy Isaacson, Esq.
75 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 577-1930
E-mail: nisaacson@greenbaumlaw.com

*Attorneys for Nancy Isaacson,
   Chapter 7 Trustee*

| | |
|---|---|
| In re:<br><br>AKESIS, LLC,<br><br>Debtor. | Case No.: 15-22985 (JKS)<br><br>Chapter 7 |

**CERTIFICATION OF NANCY ISAACSON IN SUPPORT OF
MOTION FOR APPROVAL OF SETTLEMENT OF ALL CLAIMS
OF TRUSTEE AGAINST FXM RESEARCH INTERNATIONAL,
FXM RESEARCH MIRAMAR, FXM RESEARCH CORP. AND
MOORE CLINICAL REESEARCH, INC. PURSUANT TO RULE 9019**

Nancy Isaacson certifies as follows:

1. I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Debtor, Akesis, LLC (the "Debtor"). I make this certification, upon my personal knowledge, in support of the motion (the "Settlement Motion") filed on my behalf, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking an order approving the proposed settlement of all claims that I have against FXM Research International ("FXM International"), FXM Research Miramar ("FXM Miramar"), FXM Research Corp. ("FXM Research" and collectively with FXM International and FXM Research, the "FXM Entities") and Moore Clinical Research, Inc. ("Moore" and collectively with the FXM Entities, and the Trustee, the "Parties").

4669068.1

2. The Debtor filed a voluntary Chapter 7 bankruptcy petition on July 10, 2015 (the "Petition Date").

3. Thereafter, on July 13, 2015, I was appointed Chapter 7 Trustee in this matter.

4. Upon investigation of the financial affairs of the Debtor, including a review of Debtor's books and records, the Trustee came to believe that FXM International had received a transfer of funds from the Debtor in the amount of $240,960.00; FXM Miramar had received a transfer of funds from the Debtor in the amount of $53,674.50; FXM Research had received a transfer of funds from the Debtor in the amount of $53,182.00 and Moore had received a transfer of funds from Debtor in the amount of $398,129.00 (collectively, the "Transfers") within 90 days prior to the Petition Date, which the Trustee believes may be avoided as a preference payment pursuant to Section 547 of the United States Bankruptcy Code, 11 U.S.C. § 547(b) (the "FXM Entities").

5. Through negotiations conducted by my counsel and counsel for FXM Entities and Moore, an agreement was reached as to pay my claims against the FXM Entities and Moore. The terms of the settlement are incorporated into a written settlement agreement, a copy of which is attached to this certification as **Exhibit A** (the "FXM Entities and Moore Settlement Agreement").

6. The terms of FXM Entities and Moore Settlement Agreement include that within ten days of an order approving the settlement becoming final and non-appealable, FXM Entities and Moore shall pay to the Trustee the total sum of $110,000.00 (the "Payment"). Upon clearance of the Payment, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released from any claims the Trustee ever had against the Released Parties (as defined in the Settlement Agreement) in her capacity as the Trustee for the Estate, and the Released Parties shall be deemed to have released the Estate from any and all claims it may hold against the Estate.

4669068.1

7. In agreeing to this settlement, I have exercised my business judgment and have weighed the merits of claims against the FXM Entities and Moore, the cost of the litigation of these claims and the likelihood of obtaining a greater amount if the claims were litigated. In the exercise of my business judgment, I have determined that the settlements are in the best interest of the Estate and of the creditors.

8. Accordingly, I am seeking court approval of the proposed settlement of my claims against the FXM Entities and Moore by this Settlement Motion.

I hereby certify that the foregoing statements by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Dated:  June 28, 2017                         /s/ Nancy Isaacson
                                              Nancy Isaacson

4669068.1

# EXHIBIT A

Nancy Isaacson, Esq. (NI/1375)
GREENBAUM ROWE SMITH & DAVIS, LLP
75 Livingston Ave., Suite 301
Roseland, NJ 07068
Tel: 973-535-1600
E-mail: nisaacson@greenbaumlaw.com
Attorneys for Nancy Isaacson, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

---

In re:

AKESIS, LLC:

         Debtor.

CASE NO. 15-22985(JKS)

Chapter 7

## SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee for the Bankruptcy Estate of Akesis, LLC ("Trustee"), and FXM Research International ("FXM International"), FXM Research Miramar ("FXM Miramar"), FXM Research Corp. ("FXM Research" and collectively with FXM International and FXM Research the, "FXM Entities") and Moore Clinical Research, Inc. ("Moore" and collectively with the FXM Entities, and the Trustee the, "Parties").

WHEREAS, Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code) on July 10, 2015 (the "Petition Date"); and

WHEREAS, on or about July 13, 2015, Trustee was appointed pursuant to 11 U.S.C. § 701 and

fm

WHEREAS, upon her investigation of the financial affairs of Debtor, including her review of Debtor's books and records, Trustee came to believe that FXM International had received a transfer of funds from the Debtor in the amount of $240,960.00; FXM Miramar had received a transfer of funds from the Debtor in the amount of $53,674.50; FXM Research had received a transfer of funds from the Debtor in the amount of $53,182.00 and Moore had received a transfer of funds from Debtor in the amount of $398,129.00 (the "Transfers"), respectively, prior to the Petition Date, which Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the United States Bankruptcy Code, 11 U.S.C. § 547(b); and

WHEREAS, Trustee has asserted claims against the FXM Entities and Moore seeking to recover the Transfers ("Trustee's Preference Claim"); and

WHEREAS, the FXM Entities and Moore have asserted several defenses to Trustee's Preference Claim; and

WHEREAS, the Parties, after negotiation and discussion have agreed to resolve, settle and compromise Trustee's Preference Claim without their being any admission of liability by the FXM Entities and/or Moore and

WHEREAS, in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them, without resort to litigation, the Parties hereby agree to the following terms and conditions in comprise and settlement of Trustee's Preference Claim, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1. Within ten days of the execution of this Settlement Agreement, Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy

in the form attached as Exhibit A and shall file a motion with the Bankruptcy Court seeking an Order approving this settlement.

2. Within ten days of the entry by the Bankruptcy Court of a final non-appealable Order approving this Settlement, the FXM Entities and Moore shall pay by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" the sum of $110,000.00. The check may be by attorney trust account check issued by Hill Wallack LLP.

3. Except for the obligations contained in this Agreement, the Trustee on behalf of the estate, her successors and assigns does hereby release and forever discharge the FXM Entities and Moore and their respective predecessors, successors, assigns, and representatives as well as their respective present and former employees, officers, directors, members, firms, agents and attorneys (collectively with FXM Entities and Moore, the "Released Parties") from and against any and all claims and causes of action, of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that the Trustee or the Estate has or may have against the Released Parties as of the Petition Date including, but not limited to, those arising from or relating to the Bankruptcy Case.

4. The Parties each warrant that they are authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any party represents and warrants that he/she has full authority to do so. Each party agrees to indemnify the other from any loss or expense, including, without limitation, attorney's fees and expenses that may be incurred as a result of any breach of this warranty. The Parties acknowledge that they will seek approval from the Bankruptcy Court that the settlement is proper and negotiated in good faith.

fm

5. The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, subsidiaries, employees, officers, directors, assigns, and successors in interest, including any third party purchasers, of the Parties.

6. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. The Parties agree that this Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

7. Each of the Parties denies liability to the other. This Agreement is a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any party.

8. Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

9. Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that

fm

each Party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

10. The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

11. The Parties agree that this Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same Agreement. Facsimile and electronically transmitted signatures shall be deemed to have the same effect as original signatures.

12. This Agreement is subject to approval of the Bankruptcy Court. In the event an order approving this Agreement does not become final prior to September 30, 2017, each of the Parties shall be returned to their position status quo ante.

13. The Bankruptcy Court for the District of New Jersey shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between them arising from or related to this Agreement. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accord with the applicable Federal Rules of Bankruptcy or Civil Procedure and Local Rules of said Court.

14. This Agreement shall be governed by the internal laws of the State of New Jersey, and shall be construed and interpreted with its laws, notwithstanding its conflict of laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

IN WITNESS WHEREFORE, the Parties have caused this Settlement Agreement to be signed on this 26 day of June, 2017.

NANCY ISAACSON, CHAPTER 7 TRUSTEE

By: _____
NANCY ISAACSON

FXM RESEARCH INTERNATIONAL

By: _____
Francisco X. Moncada-j, President

FXM RESEARCH MIRAMAR

By: _____
Francisco X. Moncada-j, President

FXM RESEARCH CORP.

By: _____
Francisco X. Moncada-j, President

MOORE CLINICAL RESEARCH, INC.

By: _____
Jeffrey Smyth, MS, CCRP
VP/Chief Operating Officer

IN WITNESS WHEREFORE, the Parties have caused this Settlement Agreement to be signed on this 26 day of June, 2017.

NANCY ISAACSON, CHAPTER 7 TRUSTEE

By: _____
    NANCY ISAACSON

FXM RESEARCH INTERNATIONAL

By: _____
    Francisco X. Moncada-j, President

FXM RESEARCH MIRAMAR

By: _____
    Francisco X. Moncada-j, President

FXM RESEARCH CORP.

By: _____
    Francisco X. Moncada-j, President

MOORE CLINICAL RESEARCH, INC.

By: _____
    Jeffrey Smyth, MS, CCRP
    VP/Chief Operating Officer

6