FREEDMAN LAW, LLC
11 Carteret Road
Livingston, New Jersey 07039
Tel: 973-985-9408
Terri Jane Freedman, Esq.
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| AKESIS, LLC, | CASE NO. 15-22985(JKS) |
| Debtor. | Chapter 7 |
| NANCY ISAACSON, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| v. | ADV. PROC. NO. 17-01408(JKS) |
| CLINICAL TRIALS OF SOUTH CAROLINA | |
| Defendant. | |

## SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Clinical Trials of South Carolina ("CTSC").

**WHEREAS**, Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS**, on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS**, upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that CTSC had received a transfer of funds from the Debtor in the amount of $10,064.11 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS**, on or about June 29, 2017, the Trustee commenced adversary proceeding number 17-01408 against CTSC seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS**, the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS**, in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1. Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2. Within ten days of the Order becoming final and non-appealable, CTSC shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the CTSC Released Parties (as such term is hereinafter defined), the total sum of $5,500.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3. Upon clearance of the Settlement Payment from CTSC, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged

CTSC and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "CTSC Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the CTSC Released Parties in her capacity as the Trustee for the Estate, and the CTSC Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the CTSC Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4. Upon clearance of the Settlement Payment from CTSC, the Trustee will dismiss the Adversary Proceeding with prejudice.

5. Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6. Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7. The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8. No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the party to be charged therewith.

9. This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between

the parties regarding the resolution of same. Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10. The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11. By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages. Rather, the parties to this Agreement merely wish to resolve disputed claims. It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, or anyone else.

12. This Agreement may be executed by facsimile signatures, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13. This Agreement shall be binding upon the parties and their successors and assigns.

14. By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement. The persons executing this Agreement hereby certify that they have the authority to do so.

IN WITNESS WHEREFORE, the Parties have caused this Settlement Agreement to be signed on this __th day of October 2017.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
       NANCY ISAACSON


CLINICAL TRIALS OF SOUTH CAROLINA

By: _____
       EDWARD M. TAVEL, JR., MD

EXHIBIT A
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In re:                                : Case No.:   15-22985(JKS)

    AKESIS, LLC,              : Chapter:    7

                                          : Judge:      J. Sherwood

       Debtor.           :

---

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:** Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on January, 2018 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

**Nature of Action:** Upon investigation of the financial affairs of the Debtor, the Trustee determined Clinical Trials of South Carolina had received a transfer(s) of funds from the Debtor in the amount of $10,064.11 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. An adversary proceeding against Clinical Trials of South Carolina was filed on September 29, 2016, Adv. Proc. No. 17-01408(JKS).

**Pertinent terms of settlement:** Clinical Trials of South Carolina will pay the Trustee a total of $5,500.00 in a lump sum immediately upon an order approving the settlement becoming a final order. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims, and Adv. Proc. No. 17-01408(JKS) will be dismissed.

Objections must be served on, and requests for additional information directed to:

Name:  Terri Jane Freedman, Esq.
Address:  Freedman Law, LLC, 9 Elkin Drive, Livingston, NJ 07039
Telephone No.: 973-985-9408