| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with**<br>**D.N.J. LBR 9004-(2)(c)**<br>Leech Tishman Fuscaldo & Lampl, LLC<br>1007 N. Orange Street, 4th Floor<br>Wilmington, DE  19801<br>Telephone:  302.332.7181<br>Facsimile:   412.227.5551<br>By:    Gregory W. Hauswirth (GH-8270)<br>*Attorneys for Defendant, LCC Medical Research Institute, LLC* | |
| In re:<br><br>AKESIS, LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 15-22985 (JKS)<br><br>**Re: Docket No. 236** |

**OBJECTION OF LCC MEDICAL RESEARCH INSTITUTE, LLC
TO MOTION OF CHAPTER 7 TRUSTEE, NANCY ISAACSON, FOR AN ORDER
AUTHORIZING ABANDONMENT AND DESTRUCTION OF CERTAIN RECORDS
UNNECESSARY TO THE ADMINISTRATION OF THE DEBTOR'S ESTATE
PURSUANT TO 11 U.S.C. § 554(A) AND RULE 6007(A) OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE</u>**

LCC Medical Research Institute, LLC ("<u>LCC Medical</u>"), by and through its undersigned counsel, hereby objects to the Motion of Chapter 7 Trustee, Nancy Isaacson, for an Order Authorizing Abandonment and Destruction of Certain Records Unnecessary to the Administration of the Debtor's Estate Pursuant to 11 U.S.C. § 554(a) and Rule 6007(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Motion</u>"), averring as follows:

**BACKGROUND**

1.    On July 10, 2015, Akesis, LLC ("<u>Debtor</u>") filed a voluntary chapter 7 bankruptcy proceeding at Case No. 15-22985 (the "<u>Bankruptcy Case</u>").

1

2. On or about July 13, 2015, Nancy Isaacson was appointed Chapter 7 Trustee in the Bankruptcy Case.

3. On November 16, 2017, the Trustee filed the Motion, which seeks to abandon and/or destroy various records of Debtor, which include "…among other things, paper and electronic banking records, credit card records, tax return records, income records, sales records, payroll records, benefit plan information records, customer records, vendor records, employee files, payroll records, merchant records, and computers (collectively, the "Business Records")." Motion at ¶7. The Motion also seeks authorization to destroy computers and hard drives of Debtor. Motion at ¶12.

4. LCC Medical is a defendant in a pending adversary proceeding commenced by the Trustee at Adversary Proceeding No. 16-01743 (the "Adversary Proceeding") to recover alleged avoidable transfers pursuant to 11 U.S.C. § 547.

## THE MOTION SHOULD BE DENIED WITHOUT PREJUDICE

*5.* LCC Medical respectfully submits to the Court that the Motion is premature. It is well established that "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." Major Tours, Inc. v. Colorel, 2009 WL 2413631, at *2 (D.N.J. 2009), quoting Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). "However, a party's discovery obligations do not end with the implementation of a litigation hold." Id., citing Zubulake, 229 F.R.D. at 432. "Counsel must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce relevant documents." Id.

6. At the present time, the Trustee is a plaintiff to pending litigation in the Bankruptcy Case, which includes at a minimum, the Adversary Proceeding. Discovery has yet

2

to commence in the Adversary Proceeding in accordance with that certain Order Granting Motion regarding Establishing Uniform Procedures Governing Avoidance Actions (Docket No. 120, the "Procedures Order").  While the parties in the Adversary Proceeding are working to finalize a date for mediation in January 2018, to the extent the parties are unable to resolve the Adversary Proceeding at or prior to mediation, the parties will commence formal discovery promptly thereafter.

7.      As a result, LCC Medical submits that despite the Trustee's certification to the contrary (Motion at Motion at ¶11 and Exhibit A to the Motion), litigation is pending in the Bankruptcy Case and the Business Records are required, at a minimum, for the prosecution and defense of the Adversary Proceeding.  Specifically, the Business Records identified in the Motion contain information and records that would be relevant, and/or reasonably calculated to lead to the discovery of relevant or admissible evidence for the claims and defenses in the Adversary Proceeding.  As a result, the Trustee has a duty to ensure the preservation of the Business Records pending the outcome of the Adversary Proceeding.

8.      Therefore, LCC Medical requests that the Motion be denied without prejudice until the conclusion of the pending litigation in this Bankruptcy Case.

## REQUEST TO WAIVE REQUIREMENT TO FILE BRIEF

9.      LCC Medical submits that the facts and circumstances herein do not present novel questions of law, and as such, respectfully requests that the Court waive the requirement of the filing of a memorandum in accordance with D. N.J. LBR 9013-1(3).

**WHEREFORE,** LCC Medical respectfully requests an Order: (a) denying the Motion without prejudice; and (b) such other and further relief as this Court may find just and proper.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: December 12, 2017

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: 302.332.7181
Facsimile: 412.227.5551
ghauswirth@leechtishman.com

*Counsel for Defendant, LCC Medical Research Institute, LLC*