# EXHIBIT A

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------X

In re:                                          :
                                                :
AKESIS, LLC,                                     :        CASE NO. 15-22985(JKS)
                                                :
                    Debtor.                     :        Chapter 7
-------------------------------------------------
NANCY ISAACSON, CHAPTER 7                         :
TRUSTEE,                                          :
                                                :
                    Plaintiff,                   :
                                                :
          v.                                     :        ADV. PROC. NO. 17-01422(JKS)
                                                :
SUFFOLK OBSTETRICS &                             :
GYNECOLOGY, LLP, A DIVISION                       :
OF PROHEALTH CARE ASSOCIATES,                    :
LLP                                              :
                                                :
                                                :
                                                :
                    Defendant.                   :
-------------------------------------------------X

### SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Suffolk Obstetrics & Gynecology, LLP, a Division of ProHEALTH Care Associates, LLP ("Suffolk OBGYN").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the

"Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Suffolk OBGYN had received a transfer of funds from the Debtor in the amount of $7,263.00 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about June 29, 2017, the Trustee commenced adversary proceeding number 17-01422 against Suffolk OBGYN seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.      Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.      Within ten days of the Order becoming final and non-appealable, Suffolk OBGYN shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the Suffolk OBGYN Released Parties (as such term is hereinafter defined), the total sum of $5,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis,

LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.      Upon clearance of the Settlement Payment from Suffolk OBGYN, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged Suffolk OBGYN and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Suffolk OBGYN Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Suffolk OBGYN Released Parties in her capacity as the Trustee for the Estate, and the Suffolk OBGYN Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Suffolk OBGYN  Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from Suffolk OBGYN, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant,

condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9.      This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.   Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.     The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.     By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.  Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12.     This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.     This Agreement shall be binding upon the parties and their successors and assigns.

14.     By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.  The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this ~~15~~ th day of ~~January~~ *March* 2018.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
     NANCY ISAACSON

SUFFOLK OBSTETRICS & GYNECOLOGY, LLP,
A DIVISION OF PROHEALTH CARE ASSOCIATES, LLP

By: _____
     KIMBERLEY LAZAR

**EXHIBIT A**
### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-22985(JKS) |
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:** Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on March , 2018 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

Nature of Action: Upon investigation of the financial affairs of the Debtor, the Trustee determined Suffolk Obstetrics & Gynecology had received a transfer(s) of funds from the Debtor in the amount of $7,263.00 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. An adversary proceeding against Suffolk Obstetrics & Gynecology was filed on June 29, 2017, Adv. Proc. No. 17-01422(JKS).

**Pertinent terms of settlement:** Suffolk Obstetrics & Gynecology will pay the Trustee a total of $5000.00 in a lump sum immediately upon an order approving the settlement becoming a final order. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims, and Adv. Proc. No. 17-01422 (JKS) will be dismissed.

Objections must be served on, and requests for additional information directed to:

Name: Terri Jane Freedman, Esq.
Address: Freedman Law, LLC, 9 Elkin Drive, Livingston, NJ 07039
Telephone No.: 973-985-9408

# EXHIBIT B

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail**: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

```
-----------------------------------------------X
In re:                                         :
                                               :
AKESIS, LLC,                                   :        CASE NO. 15-22985(JKS)
                                               :
               Debtor.                         :        Chapter 7
--------------------------------------------   :
NANCY ISAACSON, CHAPTER 7                       :
TRUSTEE,                                        :
                                               :
               Plaintiff,                      :
        v.                                     :        ADV. PROC. NO. 17-01419(JKS)
                                               :
PARAGON RESEARCH CORP.                          :
                                               :
                                               :
                                               :
               Defendant.                      :
-----------------------------------------------X
```

### SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Paragon Research Corp. ("Paragon").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Paragon had received a transfer of funds from the Debtor in the amount of $64,888.63 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about June 29, 2017, the Trustee commenced adversary proceeding number 17-01419 against Paragon seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.    Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.    Within ten days of the Order becoming final and non-appealable, Paragon shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the Paragon Released Parties (as such term is hereinafter defined), the total sum of $10,000.00, of which $5,000 is due immediately upon final approval of this Settlement, and the remaining $5,000 shall be paid in monthly installments of $1,666.66 each for the next (3) three months thereafter (the "Settlement Payment"). The Settlement Payment shall be paid by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.      Upon clearance of the total Settlement Payment from Paragon, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged Paragon and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Paragon Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Paragon Released Parties in her capacity as the Trustee for the Estate, and the Paragon Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Paragon Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from Paragon, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9.      This Agreement contains the final and entire settlement between the parties

regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.    Rather, the parties to this Agreement merely wish to resolve disputed claims.    It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12.    This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.    The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of January 2018.


NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
      NANCY ISAACSON


PARAGON RESEARCH CORP.


By: _____

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this 30th day of January 2018.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
NANCY ISAACSON

PARAGON RESEARCH CORP.

By: _____

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-22985(JKS) |
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

 Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:**  Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on March , 2018 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

Nature of Action:  Upon investigation of the financial affairs of the Debtor, the Trustee determined Paragon Research Corp had received a transfer(s) of funds from the Debtor in the amount of $64,888.63 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. An adversary proceeding against Paragon Research Corp was filed on June 29, 2017, Adv. Proc. No. 17-01419(JKS).

**Pertinent terms of settlement:** Paragon Research Corp will pay the Trustee a total of $10,000.00 of which $5,000 is due immediately upon final approval of this Settlement, and the remaining $5,000 shall be paid in monthly installments of $1,666.66 each for the next (3) three months thereafter (the "Settlement Payment"). upon an order approving the settlement becoming a final order. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims, and Adv. Proc. No. 17-01419(JKS) will be dismissed.

Objections must be served on, and requests for additional information directed to:

Name:    Terri Jane Freedman, Esq.
Address:   Freedman Law, LLC, 9 Elkin Drive, Livingston, NJ 07039
Telephone No.: 973-985-9408

# EXHIBIT C

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
----------------------------------------X
In re:                              :
                                    :
AKESIS, LLC,                        :       CASE NO. 15-22985(JKS)
                                    :
            Debtor.                 :       Chapter 7
----------------------------------- :
NANCY ISAACSON, CHAPTER 7           :
TRUSTEE,                            :
                                    :
            Plaintiff,              :
                                    :       ADV. PROC. NO. 17-01734(JKS)
       v.                           :
                                    :
CLINICAL TRIALS NETWORK, INC.       :
                                    :
            Defendant.              :
----------------------------------------X
```

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Clinical Trials Network, Inc. ("CTN").

**WHEREAS**, Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS**, on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS**, upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that CTN had received a transfer of funds from the Debtor in the amount of $20,421.00 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS**, on or about June 29, 2017, the Trustee commenced adversary proceeding number 17-01734 against CTN seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS**, the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS**, in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.    Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.    Within ten days of the Order becoming final and non-appealable, CTN shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the CTN Released Parties (as such term is hereinafter defined), the sum of $2,000.00 (the "Settlement Payment"). The Settlement Payment shall be paid by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.    Upon clearance of the total Settlement Payment from CTN, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged

CTN and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "CTN Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the CTN Released Parties in her capacity as the Trustee for the Estate, and the CTN Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the CTN Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.    Upon clearance of the Settlement Payment from CTN, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.    Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.    Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.    The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.    No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9.    This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between

the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.    Rather, the parties to this Agreement merely wish to resolve disputed claims.    It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12.    This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.    The persons executing this Agreement hereby certify that they have the authority to do so.

15.    **IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this th day of February 2018.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
    NANCY ISAACSON

CLINICAL TRIALS NETWORK, INC.

BY: _____
    ALBA MARIN

**EXHIBIT A**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-22985(JKS) |
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

### NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:** Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on March , 2018 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

Nature of Action:  Upon investigation of the financial affairs of the Debtor, the Trustee determined Clinical Trials Network, Inc. had received a transfer(s) of funds from the Debtor in the amount of $20,421.00 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. An adversary proceeding against Clinical Trials Network, Inc. was filed on September 27, 2016, Adv. Proc. No. 16-01734(JKS).

**Pertinent terms of settlement:** Clinical Trials Network, Inc. will pay the Trustee a total of $2000.00 in a lump sum immediately upon an order approving the settlement becoming a final order. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims, and Adv. Proc. No. 16-01743(JKS) will be dismissed.

Objections must be served on, and requests for additional information directed to:

Name:      Terri Jane Freedman, Esq.
Address:   Freedman Law, LLC, 9 Elkin Drive, Livingston, NJ 07039
Telephone No.: 973-985-9408

# EXHIBIT D

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |
| ---------------------------------------------------- | | |
| NANCY ISAACSON, CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | ADV. PROC. NO. 17-01413 (JKS) |
| | : | |
| HARMONY MEDICAL RESEARCH INSTITUTE, INC., | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------X

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Harmony Medical Research Institute, Inc. ("Harmony").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Harmony had received a transfer of funds from the Debtor in the amount of $36,167.40 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about June 29, 2017 the Trustee commenced adversary proceeding number 17-01413 against Harmony seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.      Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.      Within ten days of the Order becoming final and non-appealable, Harmony shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding  any and all claims held by the Trustee against any of the Harmony Released Parties (as such term is hereinafter defined), the total sum of $10,000.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ  07068.

3.      Upon clearance of the Settlement Payment from Harmony, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged

Harmony and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Harmony Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Harmony Released Parties in her capacity as the Trustee for the Estate, and the Harmony Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Harmony Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from Harmony, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9.      This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between

the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.    Rather, the parties to this Agreement merely wish to resolve disputed claims.    It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12.    This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.    The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this 4 th day of March 2018.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
       NANCY ISAACSON

HARMONY MEDICAL RESEARCH INSTITUTE, INC.

By: _____
       JORGE A. FONG, PRESIDENT

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-22985(JKS) |
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

 Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:**  Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on March , 2018 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

**Nature of Action**: Upon investigation of the financial affairs of the Debtor, the Trustee determined Harmony Medical Research Institute, Inc. had received a transfer(s) of funds from the Debtor in the amount of $36,167.40 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. An adversary proceeding against Harmony Medical Research Institute, Inc. was filed on June 29, 2017, Adv. Proc. No. 17-01413(JKS).

**Pertinent terms of settlement:** Harmony Medical Research Institute, Inc. will pay the Trustee a total of $10,000 in a lump sum immediately upon an order approving the settlement becoming a final order. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims, and Adv. Proc. No. 17-01413 (JKS) will be dismissed.

Objections must be served on, and requests for additional information directed to:

Name:        Terri Jane Freedman, Esq.
Address:      Freedman Law, LLC, 9 Elkin Drive, Livingston, NJ 07039
Telephone No.: 973-985-9408

# EXHIBIT E

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------X
In re:                                       :
                                             :
AKESIS, LLC,                                 :        CASE NO. 15-22985(JKS)
                                             :
                    Debtor.                  :        Chapter 7
-------------------------------------------  :
NANCY ISAACSON, CHAPTER 7                     :
TRUSTEE,                                      :
                                             :
                    Plaintiff,               :
          v.                                 :        ADV. PROC. NO. 17-01410 (JKS)
ENCINO RESEARCH CENTER,                       :
                                             :
                                             :                                    :
                    Defendant.               :
-------------------------------------------------X

### SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Encino Research Center ("Encino").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Encino had received a transfer of funds from the Debtor in the amount of $19,650.00 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about June 29, 2017 the Trustee commenced adversary proceeding number 17-01410 against Encino seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.     Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.     Within ten days of the Order becoming final and non-appealable, Encino shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the Encino Released Parties (as such term is hereinafter defined), the total sum of $11,250.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.     Upon clearance of the Settlement Payment from Encino, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged

Encino and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Encino Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Encino Released Parties in her capacity as the Trustee for the Estate, and the Encino Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Encino Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.    Upon clearance of the Settlement Payment from Encino, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.    Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.    Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.    The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.    No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9.    This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between

the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.  Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12.    This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.  The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of February 2018.


NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
         NANCY ISAACSON


ENCINO RESEARCH CENTER


By: _____
         T. JOSEPH RAOOF, MD

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this 5 th day of February 2018.

NANCY ISAACSON.
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
        NANCY ISAACSON

ENCINO RESEARCH CENTER

By: _____          05 MARE 2018
        T. JOSEPH RAOOF, MD

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-22985(JKS) |
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

 Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:**  Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on March , 2018 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

Nature of Action:  Upon investigation of the financial affairs of the Debtor, the Trustee determined Encino Research Center had received a transfer(s) of funds from the Debtor in the amount of $19,650.00 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. An adversary proceeding against Encino Research Center was filed on June 29, 2017, Adv. Proc. No. 17-01410(JKS).

**Pertinent terms of settlement:** Encino Research Center will pay the Trustee a total of $11,250.00 in a lump sum immediately upon an order approving the settlement becoming a final order. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims, and Adv. Proc. No. 17-01410 (JKS) will be dismissed.

Objections must be served on, and requests for additional information directed to:

Name:    Terri Jane Freedman, Esq.
Address:    Freedman Law, LLC, 9 Elkin Drive, Livingston, NJ 07039
Telephone No.: 973-985-9408

# EXHIBIT F

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail: tjfreedman@freedmanlawllc.com**

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ----------------------------------------------------X | |
| In re: : | |
| : | |
| AKESIS, LLC, : | CASE NO. 15-22985(JKS) |
| : | |
| Debtor. : | Chapter 7 |
| ----------------------------------------------- | |
| NANCY ISAACSON, CHAPTER 7 : | |
| TRUSTEE, : | |
| : | |
| Plaintiff, : | |
| v. : | ADV. PROC. NO. 16-1739 (JKS) |
| : | |
| INTERNAL MEDICINE AND : | |
| DERMATOLOGY, : | |
| : | |
| : | |
| Defendant. : | |
| ----------------------------------------------------X | |

### SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Internal Medicine and Dermatology ("IMD").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C.

§ 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that IMD had received a transfer of funds from the Debtor in the amount of $24,898.50 prior to the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about September 27, 2016 the Trustee commenced adversary proceeding number 16-01739 against IMD seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.    Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.    Within ten days of the Order becoming final and non-appealable, IMD shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the IMD Released Parties (as such term is hereinafter defined), the total sum of $16,250.00 (the "Settlement Payment"), by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ  07068.

3.      Upon clearance of the Settlement Payment from IMD, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged IMD and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "IMD Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the IMD Released Parties in her capacity as the Trustee for the Estate, and the IMD Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the IMD  Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.      Upon clearance of the Settlement Payment from IMD, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.      Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.      Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.      The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.      No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9.      This Agreement contains the final and entire settlement between the parties

regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.    Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.    The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.    By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.  Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12.    This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.    This Agreement shall be binding upon the parties and their successors and assigns.

14.    By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.  The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this ~~5~~th day of ~~February~~ 2018.

                       MArch

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By: _____
       NANCY ISAACSON


INTERNAL MEDICINE AND DERMATOLOGY


By:_____    05 MAR 18
       T. JOSEPH RAOOF, MD

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-22985(JKS) |
| AKESIS, LLC, | : | Chapter: | 7 |
| | : | Judge: | J. Sherwood |
| Debtor. | : | | |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Terri Jane Freedman, counsel to Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court and serve it on the person named below not later 7 days before the hearing date.

**Address of the Clerk:**  Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable John K. Sherwood on March , 2018 at 10:00 a.m. at the United States Bankruptcy Court, courtroom no. 3D, United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed, the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

---
**Nature of Action:**  Upon investigation of the financial affairs of the Debtor, the Trustee determined Internal Medicine and Dermatology had received a transfer(s) of funds from the Debtor in the amount of $24,898.50 within 90 days of the Petition Date, which the Trustee believes may be avoided as preferences pursuant to Section 547 of the Bankruptcy Code. An adversary proceeding against Internal Medicine and Dermatology was filed on September 27,2016, Adv. Proc. No. 16-01739(JKS).

---

---
**Pertinent terms of settlement:** Internal Medicine and Dermatology will pay the Trustee a total of $16,250 in a lump sum immediately upon an order approving the settlement becoming a final order. Once the payment has cleared, the parties will be deemed to have released each other from any and all claims, and Adv. Proc. No. 16-01739(JKS) will be dismissed.

---

Objections must be served on, and requests for additional information directed to:

Name:      Terri Jane Freedman, Esq.
Address:   Freedman Law, LLC, 9 Elkin Drive, Livingston, NJ 07039
Telephone No.: 973-985-9408