FREEDMAN LAW, LLC
Terri Jane Freedman, Esq.
9 Elkin Drive
Livingston, New Jersey 07039
Telephone: (973) 985-9408
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7
Trustee*

| | |
|---|---|
| In re: | Case No.: 15-22985 (JKS) |
| AKESIS, LLC, | Chapter 7 |
| Debtor. | |

### CERTIFICATION OF NANCY ISAACSON IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT OF ALL CLAIMS OF TRUSTEE AGAINST HOPE CLINICAL RESEARCH, MEDICAL CENTER FOR CLINICAL RESEARCH AND LCC MEDICAL RESEARCH INSTITUTE, LLC, PURSUANT TO RULE 9019

Nancy Isaacson certifies as follows:

1.   I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Debtor, Akesis, LLC (the "Debtor"). I make this certification, upon my personal knowledge, in support of the motion (the "Settlement Motion") filed on my behalf, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking an order approving the proposed settlement of all claims that I have against Hope Clinical Research ("Hope"), Medical Center For Clinical Research ("MCCR") and LCC Medical Research Institute, LLC ("LCC).

2.   The Debtor filed a voluntary Chapter 7 bankruptcy petition on July 10, 2015 (the "Petition Date").

3.   Thereafter, on July 13, 2015, I was appointed Chapter 7 Trustee in this matter.

## The Hope Settlement

4.      Upon investigation of the financial affairs of the Debtor, including a review of Debtor's books and records, the Trustee came to believe that Hope had received a transfer of funds from the Debtor in the amount of $$14,901.01  within 90 days prior to the Petition Date, which the Trustee believes may be avoided as a preference payment pursuant to Section 547 of the United States Bankruptcy Code, 11 U.S.C. § 547(b) (the "Hope Claim").

5.      I filed an adversary proceeding against Hope based on the Hope Claim on June 29, 2017, Adv. Proc. No. 17-01415(JKS) (the "Hope Adv. Proc.").

6.      Through negotiations conducted by my counsel and counsel for Hope, an agreement was reached as to the Hope Claim. The terms of the settlement are incorporated into a written settlement agreement, a copy of which is attached to this certification as **Exhibit A** (the "Hope Settlement Agreement").

7.      The terms of Hope Settlement Agreement include that within ten days of an order approving the settlement becoming final and non-appealable, Hope shall pay to the Trustee the total sum of $7,000 now and $2,000 more within 60 days (the "Hope Payment").   Upon clearance of the Hope Payment, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released from any claims the Trustee ever had against the Hope Released Parties (as defined in the Settlement Agreement) in her capacity as the Trustee for the Estate, and Hope shall be deemed to have released the Estate from any and all claims it may hold against the Estate.

8.      Upon clearance of the Hope Payment, the Hope Adv. Proc will be dismissed.

## The MCCR Settlement

9.      Upon investigation of the financial affairs of the Debtor, including a review of Debtor's books and records, the Trustee came to believe that MCCR had received a transfer of funds from the Debtor in the amount of $41,246.00 within 90 days prior to the Petition Date, which the Trustee believes may be avoided as a preference payment pursuant to Section 547 of the United States Bankruptcy Code, 11 U.S.C. § 547(b) (the "Hope Claim").

4

10. I filed an adversary proceeding against LCC based on the MCCR Claim on September 28, 2016, Adv. Proc. No. 16-01746(JKS) (the "LCC Adv. Proc.").

11. Through negotiations conducted by my counsel and counsel for MCCR, an agreement was reached as to the MCCR Claim. The terms of the settlement are incorporated into a written settlement agreement, a copy of which is attached to this certification as **Exhibit B** (the "MCCR Settlement Agreement").

12. The terms of MCCR Settlement Agreement include that within ten days of an order approving the settlement becoming final and non-appealable, MCCR shall pay to the Trustee the total sum of $25,000 (the "MCCR Payment"). Upon clearance of the MCCR Payment, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released from any claims the Trustee ever had against the MCCR Released Parties (as defined in the Settlement Agreement) in her capacity as the Trustee for the Estate, and MCCR shall be deemed to have released the Estate from any and all claims it may hold against the Estate.

13. Upon clearance of the LCC Payment, the LCC Adv. Proc will be dismissed.

### The LCC Settlement

14. Upon investigation of the financial affairs of the Debtor, including a review of Debtor's books and records, the Trustee came to believe that LCC had received a transfer of funds from the Debtor in the amount of $104,004.00 within 90 days prior to the Petition Date, which the Trustee believes may be avoided as a preference payment pursuant to Section 547 of the United States Bankruptcy Code, 11 U.S.C. § 547(b) (the "LCC Claim").

15. I filed an adversary proceeding against LCC based on the LCC Claim on September 28,72016, Adv. Proc. No.16-01743(JKS) (the "LCC Adv. Proc.").

16. Through negotiations conducted by my counsel and counsel for LCC, an agreement was reached as to the LCC Claim. The terms of the settlement are incorporated into a written settlement agreement, a copy of which is attached to this certification as **Exhibit C** (the "LCC Settlement Agreement").

17. The terms of LCC Settlement Agreement include that within ten days of an order approving the settlement becoming final and non-appealable, LCC shall pay to the Trustee the

total sum of $55,000, payable as $30,000 and $25,000 within 6 months (the "LCC Payment"). Upon clearance of the LCC Payment, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released from any claims the Trustee ever had against the LCC Released Parties (as defined in the Settlement Agreement) in her capacity as the Trustee for the Estate, and LCC shall be deemed to have released the Estate from any and all claims it may hold against the Estate.

18.     Upon clearance of the LCC Payment, the LCC Adv. Proc will be dismissed.

19.     The settlement of Hope's Claim, MCCR's Claim, LCC's Claim and Health Point's Claim will be included in the fund to pay a dividend to unsecured creditors.

20.     In agreeing to these settlements, I have exercised my business judgment and have weighed the merits of Hope's Claim, MCCR's Claim and LCC's Claim, the cost of the litigation of these claims and the likelihood of obtaining a greater amount if the claims were litigated. In the exercise of my business judgment, I have determined that the settlements are in the best interest of the Estate and of the creditors.

21.     Accordingly, I am seeking court approval of the proposed settlement of Hope's Claim, MCCR's Claim and LCC's Claim by this Settlement Motion.

I hereby certify that the foregoing statements by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Dated: March 7, 2019

                                        /s/ Nancy Isaacson
                                        Nancy Isaacson

6

# EXHIBIT A

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
**E-mail:** tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
-------------------------------------------------X
In re:                              :
                                    :
AKESIS, LLC,                        :      CASE NO. 15-22985(JKS)
                                    :
                Debtor.             :      Chapter 7
-------------------------------------------------
NANCY ISAACSON, CHAPTER 7           :
TRUSTEE,                            :
                                    :
                Plaintiff,          :
        v.                          :      ADV. PROC. NO. 17-01415(JKS)
                                    :
HOPE CLINICAL RESEARCH,             :
                                    :
                Defendant.          :
-------------------------------------------------X
```

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Hope Clinical Research ("Hope").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that Hope had received a transfer of funds from the Debtor in the amount of $14,901.01 within 60 days of the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about June 29, 2017 the Trustee commenced adversary proceeding number 17-01415 against Hope seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.      Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion, in form and substance reasonably acceptable to Hope, with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order"), in form and substance reasonably acceptable to Hope.

2.      Within ten days of the Order becoming final and non-appealable, Hope shall pay to the Trustee, in full and final settlement and full and final release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the Hope Released Parties (as such term is hereinafter defined), the total sum of $9,000.00 (the "Settlement Payment") by immediate payment of $7,000 and an additional $2,000 within 60 days thereof, by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.     Upon clearance of the Settlement Payment from Hope, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged Hope and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "Hope Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the Hope Released Parties in her capacity as the Trustee for the Estate, and the Hope Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Hope Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.  Any and all claims asserted, or asserted by the Trustee in the future against Hope, shall be disallowed in their entirety.

4.     Immediately, upon clearance of the Settlement Payment from Hope, the Trustee will dismiss the Adversary Proceeding with prejudice.

5.     Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6.     Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7.     The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8.     No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9.      This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.   Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10.     The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11.     By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages.  Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12.     This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13.     This Agreement shall be binding upon the parties and their successors and assigns.

14.     By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.  The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of June 2018.


NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC


By:_____
NANCY ISAACSON


HOPE CLINICAL RESEARCH


By: _____

# EXHIBIT B

**FREEDMAN LAW, LLC**
**9 Elkin Drive**
**Livingston, New Jersey 07039**
**Tel: 973-985-9408**
**Terri Jane Freedman, Esq.**
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| --------------------------------------------------X | | |
| In re: | : | |
| | : | |
| AKESIS, LLC, | : | CASE NO. 15-22985(JKS) |
| | : | |
| Debtor. | : | Chapter 7 |
| ----------------------------------------------------- | | |
| NANCY ISAACSON, CHAPTER 7 | : | |
| TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | ADV. PROC. NO. 16-01746 (JKS) |
| | : | |
| MEDICAL CENTER FOR | : | |
| CLINICAL RESEARCH, | : | |
| | : | |
| Defendant. | : | |
| --------------------------------------------------X | | |

**SETTLEMENT AGREEMENT**

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and Medical Center for Clinical Research ("MCCR").

**WHEREAS,** Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

**WHEREAS,** upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that MCCR had received a transfer of funds from the Debtor in the amount of $41,246.00 within 60 days of the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

**WHEREAS,** on or about June 29, 2017 the Trustee commenced adversary proceeding number 16-01746 against MCCR seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

**WHEREAS,** the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

**WHEREAS,** in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1.      Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as **Exhibit A** and shall file a motion with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order").

2.      Within ten days of the Order becoming final and non-appealable, MCCR shall pay to the Trustee, in full settlement and full release of the Trustee's Preference Claim, the Adversary Proceeding any and all claims held by the Trustee against any of the MCCR Released Parties (as such term is hereinafter defined), the total sum of $25,000.00 (the "Settlement Payment") in one payment, by check made payable to "Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068.

3.      Upon clearance of the Settlement Payment from MCCR, the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged

MCCR and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "MCCR Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the MCCR Released Parties in her capacity as the Trustee for the Estate, and the MCCR Released Parties shall be deemed to have released the Estate of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the MCCR Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate.

4.     Each of the Parties to this Agreement shall bear their own counsel fees and costs.

5.     Upon clearance of the Settlement Payment from MCCR, the Trustee will dismiss the Adversary Proceeding with prejudice.

6.     Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

7.     Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms. In the event that the Bankruptcy Court does not approve this Agreement, then this Agreement shall not be admissible in evidence in the Adversary Proceeding.

8.     The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

9.     No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

10.     This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same.   Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

11.     The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

12.     By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages. Rather, the parties to this Agreement merely wish to resolve disputed claims.  It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

13.     This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

14.     This Agreement shall be binding upon the parties and their successors and assigns.

15.     By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement.  The persons executing this Agreement hereby certify that they have the authority to do so.

**IN WITNESS WHEREFORE,** the Parties have caused this Settlement Agreement to be signed on this __th day of August, 2018.

NANCY ISAACSON,
CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
     NANCY ISAACSON

MEDICAL CENTER FOR CLINICAL RESEARCH

By: _____
     WILLIAM KULTON, MD

# EXHIBIT C

**FREEDMAN LAW, LLC**
Terri Jane Freedman, Esq.
9 Elkin Drive
Livingston, New Jersey 07039
Telephone: (973) 985-9408
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7
Trustee*

| | |
|---|---|
| In re:<br><br>AKESIS, LLC,<br><br>       Debtor. | Case No.: 15-22985 (JKS)<br><br>Chapter 7 |
| Nancy Isaacson, Chapter 7 Trustee,<br><br>       Plaintiff(s),<br><br>v.<br><br>LCC Medical Research Institute, LLC,<br><br>       Defendant(s). | Adv. No.: 16-01743 (JKS)<br><br>Judge: Sherwood |

## SETTLEMENT AGREEMENT

This Agreement is made as of the date indicated below, by, between and among Nancy Isaacson, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Akesis, LLC ("Estate"), and LCC Medical Research Institute, LLC ("LCC").

WHEREAS, Debtor, Akesis, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on July 10, 2015 (the "Petition Date"); and

WHEREAS, on or about July 13, 2015, the Trustee was appointed pursuant to 11 U.S.C. § 701; and

WHEREAS, upon her investigation of the financial affairs of the Debtor, including her review of the Debtor's books and records, the Trustee came to believe that LCC had received a transfer of funds from the Debtor in the amount of $104,004.00 within 60 days of the Petition Date, which the Trustee believes may be avoided by her as a preference payment pursuant to Section 547 of the Bankruptcy Code ("Trustee's Preference Claim"); and

WHEREAS, on or about Complaint filed September 27, 2016 the Trustee commenced adversary proceeding number 16-01743 against LCC seeking to avoid and recover the above-reference transfers under Sections 547 and 550 of the Bankruptcy Code ("Adversary Proceeding"); and

WHEREAS, the parties, after negotiation and discussion, have agreed to compromise the Trustee's Preference Claim and the Adversary Proceeding; and

WHEREAS, in consideration of the foregoing and as and for their resolution and settlement of the issues in dispute between them without resort to litigation, the parties to this Settlement Agreement hereby agree to the following terms and conditions in settlement of the Trustee's Preference Claim and the Adversary Proceeding, subject to the approval of the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure:

1. Within twenty (20) days of the execution of this Settlement Agreement (the "Agreement"), the Trustee shall cause to be filed with the Bankruptcy Court a Notice of Proposed Compromise or Settlement of Controversy in the form attached as Exhibit A and shall file a motion, in form and substance reasonably acceptable to LCC, with the Bankruptcy Court seeking an Order of the Bankruptcy Court approving this Agreement (the "Order"), in form and substance reasonably acceptable to LCC.

2. Within ten days of the Order becoming final and non-appealable, LCC shall pay to the Trustee, in full and final settlement and full and final release of the Trustee's Preference Claim, the Adversary Proceeding  any and all claims held by the Trustee against any of the LCC Released Parties (as such term is hereinafter defined), the total sum of $55.000 (the "Settlement Payment") by immediate payment of $30,000 and an additional $25,000 within 6 months thereof, by check made payable to "**Nancy Isaacson, Chapter Trustee for the Estate of Akesis, LLC**" and mailed to Nancy Isaacson, Chapter 7 Trustee, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ  07068.

3. Upon clearance of the Settlement Payment from LCC , the Trustee, on behalf of the Debtor and the Estate, shall be deemed to have released, acquitted and forever discharged LCC and its respective parents, subsidiaries, affiliates, officers, managing directors, shareholders, agents, employees, successors and assigns (the "LCC  Released Parties") of and from any and all claims relating to the Trustee's Preference Claim, the Adversary Proceeding, as well as any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the Trustee ever had, now has or hereinafter can, shall or may have, against the LCC  Released Parties in her capacity as the Trustee for the Estate, and the LCC  Released Parties shall be deemed to have released the Estate of and from

any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown, the LCC Released Parties ever had, now has or hereinafter can, shall or may have, against the Estate and the Trustee in her capacity as the Trustee for the Estate. Any and all claims asserted or asserted by the Trustee in the future against LCC, shall be disallowed in their entirety.

4. Immediately, upon clearance of the Settlement Payment from LCC, the Trustee will dismiss the Adversary Proceeding with prejudice.

5. Each party has the full power and authority and has taken all required action necessary to permit it to execute, deliver and perform its obligations under this Agreement.

6. Subject to Bankruptcy Court approval as contemplated herein, this Agreement constitutes a valid and legally binding obligation of each of the parties hereto, enforceable against each party, respectively, in accordance with its terms.

7. The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement and any action, suit or proceeding arising out of or relating to this Agreement.

8. No amendment, waiver or modification of this Agreement or any covenant, condition, or limitation of this Agreement shall be valid unless memorialized in writing and executed by the parties hereto.

9. This Agreement contains the final and entire settlement between the parties regarding the resolution of the subject matter of this Agreement and is intended to be an integration of final expression of all prior negotiations, understandings and agreements between the parties regarding the resolution of same. Any other representations, undertakings or agreements with respect to the subject matter of this Agreement, whether oral, written or implied, are merged into and are superceded by the terms of this Agreement.

10. The parties have had the opportunity to draft, review, and edit the terms of this Agreement, no presumption for or against any party arising out of drafting all or any part of this Agreement will be applied in any action relating to, connected to, or involving this Agreement.

11. By entering into this Agreement, no party intends to acknowledge or shall be deemed to have acknowledged any liability or responsibility for damages. Rather, the parties to this Agreement merely wish to resolve disputed claims. It is expressly understood and agreed that this Agreement shall not be construed as an admission of liability by the parties to this Agreement, their affiliates or anyone else.

12. This Agreement may be executed by facsimile signatures or electronically transmitted signatures in .pdf form, which shall be deemed original, and in one or more counterparts, each of which shall be deemed to be a duplicate original, but all of which taken together, shall constitute a single instrument.

13. This Agreement shall be binding upon the parties and their successors and assigns.

14. By the signatures below, the parties to this Agreement acknowledge that they fully understand and accept the terms contained in this Agreement, and represent and agree that their signatures are freely, voluntarily and knowingly given and that each has had the opportunity to consult with counsel prior to signing this Agreement. The persons executing this Agreement hereby certify that they have the authority to do so.

IN WITNESS WHEREFORE, the Parties have caused this Settlement Agreement to be signed on this __th day of February 2019.

NANCY ISAACSON, CHAPTER 7 TRUSTEE FOR AKESIS, LLC

By: _____
    NANCY ISAACSON

LCC MEDICAL RESEARCH INSTITUTE, LLC

By: _____ FEB 25 2019.
    VIVIAN SALINAS