

Order Filed on April 4, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-1

FREEDMAN LAW, LLC
Terri Jane Freedman, Esq.
9 Elkin Drive
Livingston, New Jersey 07039
Telephone: (973) 985-9408
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

| In re: | Case No.: 15-22985 (JKS) |
|---|---|
| AKESIS, LLC, | Chapter 7 |
| Debtor. | |

## ORDER APPROVING SETTLEMENT OF ALL CLAIMS OF THE TRUSTEE AGAINST HOPE CLINICAL RESEARCH, MEDICAL CENTER FOR CLINICAL RESEARCH AND LCC MEDICAL RESEARCH INSTITUTE, LLC PURSUANT TO RULE 9019

The relief set forth on the following pages (2) through (3) is hereby ORDERED

**DATED: April 4, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

THIS MATTER, having been opened to the Court by Freedman Law, LLC, attorneys for Nancy Isaacson, Chapter 7 Trustee (the "Trustee")[1] for the estate of debtor, Akesis, LLC, upon the Trustee's motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an Order approving the proposed settlement of all claims of the Trustee against Hope Clinical Research ("Hope"), Medical Center For Clinical Research ("MCCR") and LCC Medical Research Institute, LLC ("LCC"); and the Court having considered all of the papers submitted in support of the motion and any papers submitted in opposition and the oral argument of counsel, if any, and for good cause shown, it is hereby,

**ORDERED** as follows:

1. The Hope Settlement Agreement, a copy of which is attached as <u>Exhibit A</u> to the Certification of the Trustee and the settlement of all claims of the Trustee against the Hope Released Parties (as defined in the Hope Settlement Agreement) and all claims of the Hope Released Parties against the Estate, is approved in its entirety under Rule 9019 as being fair, reasonable, and adequate. The Hope Settlement Agreement is effective and binding on all the parties referenced in such Hope Settlement Agreement according to its terms as if fully set forth at length in the Order.

2. The MCCR Settlement Agreement, a copy of which is attached as <u>Exhibit B</u> to the Certification of the Trustee and the settlement of all claims of the Trustee against the MCCR Released Parties (as defined in the MCCR Settlement Agreement) and all claims of the MCCR Released Parties against the Estate, is approved in its entirety under Rule 9019 as being fair, reasonable, and adequate. The MCCR Settlement Agreement is effective and binding on all the parties referenced in such MCCR Settlement Agreement according to its terms as if fully set forth at length in the Order.

3. The LCC Settlement Agreement, a copy of which is attached as <u>Exhibit C</u> to the Certification of the Trustee and the settlement of all claims of the Trustee against the LCC Released Parties (as defined in the LCC Settlement Agreement) and all claims of the LCC Released Parties against the Estate, is approved in its entirety under Rule 9019 as being fair, reasonable, and adequate. The LCC Settlement Agreement is effective and binding on all the

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Application.

parties referenced in such LCC Settlement Agreement according to its terms as if fully set forth at length in the Order.

4. This Court shall retain jurisdiction with respect to all matters concerning this Order and the Hope Clinical Research, Medical Center for Clinical Research and LCC Medical Research Institute, LLC.