| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1<br><br>**GREENBAUM ROWE SMITH & DAVIS, LLP**<br>Nancy Isaacson, Esq.<br>75 Livingston Avenue, Suite 301<br>Roseland, New Jersey 07068<br>Telephone: (973) 577-1930<br>Email: nisaacson@greenbaumlaw.com | |
| In Re:<br><br>AKESIS, LLC,<br><br>                    Debtor. | Case No. 15-22985 (JKS)<br><br>Chapter 7<br><br>**Hearing Date: June 18, 2019 at 10:00 a.m.** |

**CERTIFICATION IN SUPPORT OF MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

I, Nancy Isaacson, Esq., being of full age, certify as follows:

1.    I am the chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of the captioned debtor ("Debtor"), and in that capacity and based on my knowledge of the pertinent facts and review of relevant documentation, submit this certification in support of my motion for entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point"), free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and granting such other and further relief that this Court deems just and proper.

2.    On July 10, 2015, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3. On or about July 13, 2015, I was appointed as chapter 7 trustee for the Debtor's Estate.

4. Since my appointment, I have administered the Debtor's Estate for the benefit of the Debtor's creditors in accordance with my powers and duties as Trustee.

5. I believe that all known assets and claims of value of the Debtor's Estate have been addressed, sold or otherwise disposed of.

6. In order to finally administer this bankruptcy case, I have negotiated an agreement ("Purchase Agreement"), attached as Exhibit A, with Oak Point for the sale of any remaining property of the Debtor's Estate, except as specifically omitted as set forth in the Agreement, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred ("Remnant Assets"). Potential unknown assets might include unscheduled funds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

7. I believe the private sale of the Remnant Assets to Oak Point pursuant to the Purchase Agreement is in the best interests of the Debtor and the Estate, as it provides value to the Debtor's Estate and will allow me to finally administer this bankruptcy case.

8. While I am prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, a "Competing Bidder") wishes to purchase the Remnant Assets, I request that the Court approve the following overbid procedures (collectively, "Bidding Procedures"):

    a. Each Competing Bidder who wants to participate in the overbid process must notify the Trustee of his/her intention to do so in accordance with the Notice on or before the Response Deadline;

    b. the first overbid for the Remnant Assets by a Competing Bidder must be at least $2,000 more than the Purchase Price, or a total of $7,000;

.

    c. each Competing Bidder must submit a Cashier's Check to the Trustee in the amount of such Competing Bidder's first overbid at the time such overbid is made;

    d. each subsequent overbid for the Remnant Assets must be in additional increments of $1,000, unless otherwise agreed by the parties or directed by the Court;

    e. the bidder must purchase the Remnant Assets under the same terms and conditions set forth in the Purchase Agreement, other than the purchase price; and

    f. in the event of an overbid that meets the foregoing conditions, the Trustee will schedule an auction of the Remnant Assets in advance of the hearing date and will request that the Court approve the winning bidder at the auction as the purchaser at the hearing on the Motion.

9. I believe that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

10. Based on the foregoing, it is respectfully requested that the Court enter the proposed, submitted order approving the sale of the Remnant Assets to Oak Point free and clear of liens, claims, interests, and encumbrances, and granting such other and further relief that this Court deems just and proper.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 22, 2019                                   By:  /s/ Nancy Isaacson
                                                                   Nancy Isaacson

**EXHIBIT A**

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of May __, 2019, is by and between **NANCY ISAACSON, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of AKESIS, LLC** ("Debtor") **BANKRUPTCY ESTATE** ("Estate"), and **OAK POINT PARTNERS, LLC** ("Purchaser").

### WITNESSETH:

**WHEREAS,** on July 10, 2015, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey ("Court"), assigned Case No. 15-22985; and

**WHEREAS,** on or about July 13, 2015, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS,** at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS,** Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtor's case; provided, however, that any cash or funds that exist in such bank account two years from the date of this Agreement shall be Remnant Assets; (b) any and all Goods.[1] (e.g., office furniture) of the Debtor; (c) the proceeds from any settlement or judicial adjudication of the adversary proceedings pending in the Court at the time of the Agreement, Adv. Proc. Nos.: 16-01743 and 16-01748; (d) Debtor's books and records; and (e) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS,** subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to, the proceeds thereof.

**NOW THEREFORE,** in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Five Thousand and No/100 Dollars ($5,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

5531964.2

1

on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of New Jersey, without giving effect to choice of law principles of the State of New Jersey.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or

2

facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, LLC**

By: _____
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269    Fax (847) 655-2746

**AKESIS, LLC BANKRUPTCY ESTATE**

By: _____
Name: NANCY ISAACSON
Its: Chapter 7 Trustee

Address: c/o Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Ave, Suite 301, Roseland, NJ 07068
Tel (973) 535-1600    Fax (973) 535-1698

3