NANCY ISAACSON
**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue, Suite 301
Roseland, NJ 07068-3701
Tel. No. 973-535-1600
Counsel for Chapter 7 Trustee, Nancy Isaacson

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>AKESIS, LLC,<br><br><div align="center">Debtor.</div> | Chapter 7 Proceeding<br><br>Case No. 15-22985 (JKS) |

## OBJECTION OF NANCY ISAACSON, CHAPTER 7 TRUSTEE TO CERTAIN CLAIMS.

NANCY ISAACSON, Chapter 7 Trustee for Akesis, LLC, the captioned debtor, submits this Objection to certain claims, and in support thereof states:

1.      This case commenced with the filing of a voluntary bankruptcy petition by Debtor on July 10, 2015 (the "Petition Date").

2.      Subsequently, Nancy Isaacson was appointed Chapter 7 Trustee to administer the Debtor's estate.

3.      The Bankruptcy Court set October 26, 2015 as a claims bar date for unsecured creditors and January 6, 2016 as the bar date for government entities.  To date approximately 39 Proofs of Claim (collectively "Proofs of Claim") and individually, a ("Proof of Claim") have been filed against this Debtor including Proofs of Claim seeking payment of wage claims, administrative claims and/or priority expenses.

5741409.1

4.      Trustee reviewed and analyzed each claim filed in conjunction with the Debtor's

schedules as well as the documents supporting the filed Proofs of Claim.  Based upon Trustee's

review, Trustee has determined that the disputed claims as set forth below are objectionable on

the grounds as set forth below.

**I.      Reduced Amount Claim**

5.      Trustee objects to the Reduced Amount Claims as set forth in **Schedule A**

attached hereto and to the Order.  Based on Trustee's review of the Proofs of Claim, Trustee

determined that the Reduced Amount Claims as filed do not accurately reflect amounts owed by

the Debtor for unpaid wages, salaries, commissions, including vacation, severance and sick leave

according to 11 U.S.C. § 507(a)(4).  Trustee believes that the asserted amount of such claims

identified in the column titled "Claim" should be modified to the amounts in the "Modified

Claim" in the table provided in **Schedule A** to the Order.

6.      Trustee asserts that the amount listed in the Modified Claim column for each

Reduced Amount Claim represents the fair, accurate and reasonable value of each respective

Proof of Claim as reflected in the Debtor's books and records and from the information provided

by the Claimant as limited by 11 U.S.C. § 507(a)(4).  Accordingly, Trustee requests that the

Court enter the Order Modifying the Reduced Amount Claims identified as **Schedule A** to the

Order.

**II.      Insufficient Documentation Claims**

7.      Trustee objects to the Insufficient Documentation Claims identified on **Schedule

B** attached hereto and to the Order.  Based on her review of the Proofs of Claim filed in this

Chapter 7 case, the Insufficient Documentation Claims do not include sufficient information to enable Trustee to reconcile these Proofs of Claim with the Debtor's books and records.

8.      A proof of claim must "set forth the facts necessary to support the claim." *In Re Chan,* 255 B.R. 278, 280 (Bankr. D. Conn. 2000) citing 9, Resnick & Sommers eds., *Collier on Bankruptcy* ¶ 3001.09[1] at 3001-27 (15th ed. Rev. 2005)) (emphasis added).   If the proof of claim fails to set forth the necessary supporting facts, it is "not entitled to the presumption of *prima facie* validity, and the burdens of going forward and of proving its claims by a preponderance of evidence are on the [claimant]." *In the Matter of Marino,* 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see also In re Svendson,* 34 B.R. 341, 342 (Bankr. D.R.I. 1983) (stating proofs of claim failed to "set forth all the necessary facts to establish the claim[s].").

9.      Without providing sufficient information or documentation to allow Trustee to reconcile the Insufficient Documentation Claims with Debtor's books and records, the Insufficient Documentation Claims fail to satisfy the requirements for a proof of claim.  *See Chan,* 255 B.R. at 280.

10.     Moreover, the Debtor's estate should not be required to pay a purported creditor to the detriment of a proven creditor.  The elimination of Insufficient Documentation Claims will streamline the claims reconciliation process and enable the Debtor's to maintain a more accurate claims register.  Accordingly, Trustee hereby requests that the Court enter an order expunging and disallowing the Insufficient Documentation Claim identified on **Schedule B** of the Order.

5741409.1

### III.    Tardy Claims

11.    Trustee objects to the Tardy Claims set forth on **Schedule C** attached hereto and to the Order. Based on Trustee's review of the Proofs of Claim, Trustee has determined that the Tardy Claims were filed after the Bar Date.

12.    For the reasons set forth above, Trustee seeks an order expunging and disallowing the Tardy Claims, identified on **Schedule C** to the Order. Failure to disallow and expunge the Tardy Claims could result in the applicable claimants receiving a recovery against the Debtor's estate, to the detriment of other similarly situated creditors who timely filed proofs of claim. Accordingly, Trustee requests that the Court enter the Order disallowing and expunging the Tardy Claims identified in **Schedule C**.

### Basis for Relief

13.    Section 501(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." A debtor in possession has the duty to object to the allowance of any claim that is improper. *See* 11 U.S.C. § 1106(a)(1).

14.    As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes a *prima facie* evidence of the validity ad the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Bankruptcy courts have generally held that in order to receive the benefit of *prima facie* validity, however, the claimant must set forth facts necessary to support the claim. *See In re McCarthy*, No. 04-10493, 2004 WL 568383, at *5 (Bankr. E.D. Va. July 14, 2004). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy

4

Rule 3001(f) only until an objecting party shows that there exists a "true dispute" as to the validity and amount of the claim. *See In re Computer Learning Ctrs., Inc.,* B.R. 569, 578 (Bankr. E.D. Va. 2003) (quoting Collier on Bankruptcy ¶ 3001.09[2] (15th ed. Revised 2003)). Once the objecting party refutes an allegation critical to the claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Allegheny,* 954 F2d. at 173. In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 113 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

15.    For the reasons set forth in this Objection, the Court should modify or disallow and expunge the Disputed Claims as requested herein. If the Disputed Claims are not formally modified or disallowed and expunged, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Debtor's other stakeholders and the process of claims administration and reconciliation will be unnecessarily burdensome. Thus, the relief requested is this Objection  is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims-allowance process.

### Separate Contested Matter

16.    Each of the above objections to the proofs of claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. Trustee requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each claim.

5741409.1

### Responses to Omnibus Objections

17.     To contest this Objection, a claimant must file and serve a written response to this Objection in accordance with the Objection Procedures.  If a claimant fails to file and serve a response in accordance with the Objection Procedures, Trustee may present to the Court an appropriate order disallowing the Disputed Claim, without further notice to the claimant or a hearing.

### Reservations of Rights

18.     Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of Trustee's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

### No Prior Request

19.     No prior request for relief sought in this Objection has been made to this or any other court.

5741409.1

20.    Trustee respectfully requests that the Court enter the Order granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.


                                              _/s/ Nancy Isaacson_____
                                              Nancy Isaacson


Dated: August 21, 2019

5741409.1

## SCHEDULE A

## REDUCED AMOUNT CLAIMS

| Claim No. | Claimant | Claim Amount | Modified Claim |
|---|---|---|---|
| 5-1 | Keri L. Winkler | $17,307.60 | $12,475.00 Priority<br><br>$4,832.16 Unsecured |
| 22-1 | Sharol Christenbury | $72,409.38 | $12,475.00 Priority<br><br>$62,409.38 Unsecured |
| 29-1 | Kotait Clinical Monitoring | $20,494.29 | $12,475.00 Priority<br><br>$8,019.29 Unsecured |

## SCHEDULE B

## NO DOCUMENTATION

| Claim No. | Claimant | Claim Amount | Modified Claim |
|---|---|---|---|
| 3-1 | Research Across America/Texas Pharmaceutical Research | $344,368.00 | Disallowed and expunged |
| 24-1 | Cynthia C. Byrum<br><br>Windland Credit Partners, LLC | $9,483.07 | Disallowed and expunged |
| 25-1 | Taro Pharmaceuticals, USA, et als. | $619,782.08 | Disallowed and expunged |
| 26-1 | Visions Clinical Research, LLC | $27,938.84 | Disallowed and expunged |
| 31-1 | Actavis, Inc. | $0.00 | Disallowed and expunged |

5795093.1

## SCHEDULE C

## <u>TARDY CLAIMS</u>

| Claim No. | Claimant | Claim Amount | Modified Claim |
|---|---|---|---|
| 34 | Dermatology Research Center, Inc. | $4,163.00 | Disallowed and expunged |
| 35 | Staten Holdings | $6,193.69 | Disallowed and expunged |
| 36 | State of New Jersey Department of Treasury | $1,827.08 | Disallowed and expunged |
| 37 | The Ligon Company, Inc. | $8,400.00 | Disallowed and expunged |
| 38 | State of Florida Department of Revenue | $10.00 | Disallowed and expunged |
| 39 | Integreview, Ltd. | $20,000.00 | Disallowed and expunged |

5795093.1